## Adams Express Company v. Commonwealth.

(Decided January 16, 1919.)

### Appeal from Harlan Circuit Court.

1. Intoxicating Liquors—Actions for Penalties—Carrying Liquor Into Prohibited Territory.—In this penal action brought by the Commonwealth of Kentucky to recover of the carrier a fine for its alleged violation in certain particulars of section 2569b, subsection 3, Kentucky Statutes, in delivering to the consignee a package of intoxicating liquor. Evidence examined and held sufficient to sustain the verdict and judgment of the trial court convicting the carrier of disobedience of a provision of the statute requiring it to enter of record in a book kept for that purpose, the quantity and kind of liquor contained in the package as stated by the label thereon.

2. Intoxicating Liquors—Carrying Into Prohibited Territory—Plea of Former Conviction.—Appellant's plea of former conviction was properly overruled, as the judgment relied on as a bar herein was one convicting it of a violation of the same statute in making a delivery of a different package of intoxicating liquor to a differ-

ent consignee, the two offenses being wholly distinct and separate.

JOSEPH S. GRAYDON, LAWRENCE MAXWELL and ZEB A. STEWART for appellant.

CHARLES H. MORRIS, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This appeal, like that of Adams Express Co. v. the Commonwealth of Kentucky, numbered 73, this day decided, is prosecuted from a judgment of the Harlan circuit court, entered upon the verdict of a jury finding appellant guilty of a violation of section 2569b, subsection 3, Ky. Stats., and fixing its punishment at a fine of $100.00. The liquor received and delivered by appellant was shipped to Harlan from Lebanon, Ky., the consignor being the Lebanon Liquor Company, and the consignee W. C. Hensley. The prosecution was by a penal action, the petition alleging a violation of the statute in the same particulars charged in the case, *supra*. In this case, as in that, the appellant filed a general demurrer to the petition, which was overruled. As the grounds filed in support of its motion for a new trial made in the court below and now urged on this appeal for the reversal of the judgment of conviction, are identical with those relied on in appeal No. 73, we deem it unnecessary to here repeat what is said in the opinion of that case in approval of the circuit court's action in overruling the demurrer to the petition or in approval of the instruction given in that case and also in the instant case, to which appellant then objected and now objects.

The evidence in this case was furnished by Wilson and Ward, who also testified in the other case. Without reviewing it in detail, it is sufficient to say that there was evidence conducing to prove that in delivering to Hensley the package of liquor it received for him from the Lebanon Liquor Company, appellant's agents made in its book kept for that purpose no entries that can be said to show the quantity or kind of liquor delivered, or date of the delivery. Appellant was only required to follow the statement or label on the package in making the entries in its book of the quantity and kind of liquor contained therein; and while it appears that there was on the package consigned to Hensley a label showing it contained

five quarts of whiskey, appellant's agents failed to avail themselves of this information in making the required entries. As some of the matters of fact connected with the delivery of the liquor were not, as required by the statute, recorded in the book kept by appellant for that purpose, it cannot complain that it was subjected to the penalty prescribed for such failure; and as there was evidence to support the verdict of the jury, we are without authority to disturb it.

Appellant's plea of former conviction is wholly without merit. Its conviction in case 73 grew out of its violation of the statute in respect to a shipment and delivery of whiskey to Tom Howard; the violation of the statute in this case out of a shipment and delivery of whiskey to W. C. Hensley. The transactions were separate and the offenses as legally distinct as if they had been committed at different points of delivery. Violation of the requirements of the statute by the carrier in a distinct delivery to a named consignee of intoxicating liquors in dry territory is of itself a separate offense independent of any other delivery to another consignee, though made at the same time or place.

Judgment affirmed.